UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHANEY | CIVIL ACTION NO. 23-cv-4224 |
| V. | JUDGE GREG GERARD GUIDRY |
| SURESCRIPTS, LLC | MAGISTRATE JUDGE JANIS VAN MEERVELD |

## ORDER AND REASONS

The Court has before it Defendant Surescripts, LLC's ("Surescripts") Motion to Dismiss Plaintiffs Mark and Rebecca Chaney's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). R. Doc. 13. Plaintiffs have responded in opposition, R. Doc. 24, and Surescripts has filed two supplemental memoranda, R. Docs. 19; 31. Having considered the parties' arguments, as well as the applicable law and facts, the Court will GRANT Surescripts's Motion.

I.   BACKGROUND

This matter arises from injuries allegedly sustained by Plaintiff Mark Chaney ("Chaney") when he was prescribed an "inappropriately high dose" of levofloxacin, an antibiotic. R. Doc. 4-1 at 13. Plaintiffs assert a nurse practitioner at Covington Orthopaedic & Sports Medicine Clinic, LLC ("Covington Ortho") prescribed Chaney 750 milligram tablets of levofloxacin with the direction to take one tablet twice per day for twenty-one days. *Id.* at 14. Plaintiffs point to the Mayo Clinic's website to argue the proper dosage would have been 250 to 750 milligrams once per day. *Id.* Plaintiffs assert the erroneous prescription was routed from Covington Ortho to a Walgreens pharmacy by Surescripts, a health information technology firm that electronically transmits prescriptions entered by medical care providers to pharmacies. *Id.* at 15; 18. Plaintiffs

1

state Chaney began taking the directed dose on June 15, 2022 and discontinued on June 18, 2022. *Id.* at 15–16. As a result, Plaintiffs allege Chaney suffered acute kidney injury and developed tendinopathy. *Id.* at 17. Plaintiffs filed suit against Surescripts pursuant to Louisiana's general negligence statute, Louisiana Civil Code art. 2315, seeking damages for, *inter alia*, Chaney's physical and emotional pain and suffering and medical expenses, as well as Rebecca Chaney's loss of consortium.[1] *Id.* at 13; 22–23. Surescripts now moves the Court to dismiss Plaintiff's claims against it for failure to state a claim upon which relief can be granted, arguing Plaintiffs have failed to assert a legally cognizable duty owed by Surescripts to Plaintiffs upon which they can base their negligence claim. R. Doc. 13-1.

## II.      APPLICABLE LAW

Rule 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court's task in considering whether a plaintiff has stated a plausible claim to relief is to "determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (citing *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys,* 675 F.3d 849, 854 (5th Cir. 2012)). Thus, courts must construe the allegations in the complaint in the light most favorable to the plaintiff, accepting as true all well-

---

[1] Plaintiff also instituted a still-pending state medical malpractice action pursuant to the Louisiana Medical Malpractice Act against Covington Ortho, the nurse practitioner, Walgreens, and the pharmacist, as required by La. R.S. 40:1237.2 *et seq.* (requiring review of all malpractice claims against certain Louisiana medical providers by a state medical review panel before any civil action may be initiated).

2

pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor. *Lovick v. Ritemoney Ltd.,* 378 F.3d 433, 437 (5th Cir. 2004) (citing *Herrmann Holdings Ltd. v. Lucent Techs., Inc.,* 302 F.3d 552, 558 (5th Cir. 2002)). A complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. If the factual allegations underlying a claim are insufficient to raise a right to relief above the speculative level, that claim must be dismissed. *Twombly*, 550 U.S. at 555.

### III.  DISCUSSION AND ANALYSIS

When considering whether liability for negligence can be imposed under La. C.C. art. 2315, courts applying Louisiana law conduct a duty-risk analysis. *See, e.g.*, *Lemann v. Essen Lane Daiquiris, Inc.*, 2005-1095 (La. 3/10/06), 923 So. 2d 627, 632–33 (citing *Mathieu v. Imperial Toy Corporation,* 94–0952, p. 4 (La.11/30/94), 646 So.2d 318, 321). Under this analysis, a plaintiff must prove five elements to prevail on a negligence claim: (1) the defendant had a duty to conform his conduct to a specific standard (the "duty element"); (2) the defendant's conduct failed to conform to the appropriate standard; (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) actual damages. *Id.* at 633. Because a "negative answer to any of the inquiries of the duty-risk analysis results in a determination of no liability[,]" a plaintiff must allege sufficient facts to support each of the five elements in order to survive Rule 12(b)(6) review. *Id.* (citing *Mathieu*, 646 So.2d at 326). Here, Surescripts argues Plaintiffs have failed to allege adequately any duty owed to them by Surescripts, thus dooming their negligence claim at the "threshold" duty

element. *Id.* at 633 (citing *Meany v. Meany,* 94–0251, p. 6 (La.7/5/94), 639 So.2d 229, 233); *see also* R. Doc. 13-1 at 6–10.

As the United States Court of Appeals for the Fifth Circuit has explained, surviving Rule 12(b)(6) review of the duty element requires a plaintiff to allege a specific standard of care to which the defendant was required to conform his conduct. *Butler v. Denka Performance Elastomer, L.L.C.*, 16 F.4th 427, 444–45 (5th Cir. 2021) (affirming the Rule 12(b)(6) dismissal of an Article 2315 negligence claim due to the plaintiff's failure to assert a specific standard of care) (citing *Lemann*, 923 So. 2d at 633). Said another way, a plaintiff must allege a "specific standard of care on which to base a legally cognizable duty." *Terrell v. BWC Harvey, LLC*, 2022 WL 16834577, at *5 (E.D. La. Nov. 9, 2022) (quoting *Acosta v. Denka Performance Elastomer, LLC*, 2022 WL 3214418, at *5 (E.D. La. Aug. 9, 2022), *aff'd sub nom. Acosta v. Denka Performance Elastomer, L.L.C.*, 2023 WL 2770825 (5th Cir. Apr. 4, 2023)). "[G]eneralized pronouncements" that a defendant violated a duty to take reasonable care, without reference to "statutory, jurisprudential, or any other source of law" imposing a specific standard of care on that defendant's conduct, are inadequate to allege a legally cognizable duty. *Butler*, 16 F.4th at 445 (internal quotation marks removed). Thus, the Court must consider "whether the plaintiff has any law (statutory, jurisprudential, or arising from general principles of fault) to support the claim that the defendant owed him a duty." *Id.*; *see also Bd. of Comm'rs v. Tenn. Gas Pipeline Co.*, 850 F.3d 714, 727–28 (5th Cir. 2017) (affirming the dismissal of an Article 2315 negligence claim asserting the defendant companies' dredging had caused coastal damage because plaintiffs failed to allege a legally cognizable duty under the federal and state statutory and regulatory schemes governing Louisiana's waterways).

In opposition to Surescripts's Motion to Dismiss, Plaintiffs argue they have alleged several duties breached by Surescripts in this matter, as follows:

> (1) Failure to exercise reasonable care; (2) Routing/transmitting the inappropriately high dose of levofloxacin entered by Jessica Carlson, N.P.; (3) Failing to block, halt, or flag the transmission/routing of the inappropriately high dose of levofloxacin entered by Jessica Carlson, N.P.; (4) Failure to implement any warnings, "click throughs," bounce backs, or any other safeguards against nurse practitioners or physicians ordering the wrong dose of levofloxacin and/or the incorrect medicine which can cause serious permanent injury; (5) Routing the message "take 1 tablet (levofloxacin 750mg) by mouth twice daily with meals for 21 days" despite this course of treatment causing any patient taking this regimen to experience severe and disabling side effects and possibly death; and (6) Other acts and omissions that were negligent that may be proven at the time of trial.

R. Doc. 4-1 at 21–22. As noted *supra*, the general pronouncement that Surescripts failed to exercise reasonable care is inadequate to assert a legally cognizable duty. *See Butler*, 16 F.4th at 445–46 (explaining "while Louisiana law does impose a universal duty on defendants in a negligence action to use reasonable care, plaintiffs are still required to assert a specific standard of care") (internal citation and quotation marks removed); *see also Butler v. E. I. DuPont de Nemours & Co.*, 2022 WL 5059893, at *4 (5th Cir. Oct. 4, 2022) (unpublished) (reaffirming *Butler*'s holding that Article 2315's "general duty" does not identify a specific standard of care and cannot satisfy the duty element). The heart of Plaintiffs' other allegations against Surescripts is that the "harm caused to the Chaneys could have been prevented with simple safeguards" such as "flagging or halting transmission of" the allegedly unsafe prescription, rendering Surescripts's failure to institute such safeguards negligent. R. Doc. 24 at 3. But even presuming these allegations to be true, the fact that Surescripts *could have* implemented such safeguards does not mean it had a *duty* to do so. Plaintiffs do not point to any source of law imposing on Surescripts any specific standard of care which could form the basis of any such legally cognizable duty. Construing Plaintiffs' complaint broadly, the only plausible sources of a duty they allege are that "Surescripts'[s] stated

5

corporate purpose is 'to insure we are increasing safety, enhancing efficiency, and lowering cost'" and that "Surescripts was aware that nurse practitioners . . . may negligently prescribe the wrong medication and dose." R. Doc. 4-1 at 20–21. But even presuming Surescripts's corporate purpose legally binds it, the expressed purpose to increase safety does not provide a specific standard to which Surescripts had a duty to conform its conduct. Nor does Surescripts's alleged knowledge of the possibility that some medical providers may prescribe negligently. These allegations thus cannot form the basis of a legally cognizable duty. *See, e.g.*, *Butler*, 16 F.4th at 444–45; *Terrell*, 2022 WL 16834577, at *4–5.

Accordingly, Plaintiffs have failed to allege adequately any legally cognizable duty owed by Surescripts to Plaintiffs which could satisfy the duty element of Plaintiff's claim that Surescripts was negligent in this case. Plaintiffs thus fail to state a claim upon which relief can be granted, and their complaint must be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Surescripts's Motion to Dismiss is **GRANTED** and that Plaintiffs' claims and this action are dismissed in their entirety, each party to bear its own costs.

New Orleans, Louisiana, this 29th day of November, 2023.

_____
Greg Gerard Guidry
United States District Judge